[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-12645

Non-Argument Calendar

————————————————

FELISSA GRISSETT,

                                                                    Plaintiff-Appellant,

*versus*

BILL MATRIX,

                                                                    Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-04259-MHC

————————————————

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The day after filing the complaint that initiated this action, Felissa Grissett, *pro se*, filed a notice of appeal. The district court had not yet entered any order. The notice appears to complain of the assigned district judge and of Grissett's lack of e-filing access. The court later entered an order and judgment dismissing the action.

We lack jurisdiction over this appeal because the notice of appeal was filed before the district court entered or announced the final order and judgment. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to final decisions of the district courts); Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must designate the judgment or appealable order from which the appeal is taken); *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (explaining that a notice of appeal is ineffective to appeal a contemplated future order or judgment that does not exist at the time the notice of appeal is filed, unless the decision or order was already announced).